Electronically Filed
8/31/2021 3:51 PM
Penny Clarkston, Smith County District Clerk
Reviewed By: Penny Clarkston

21-2086-C

CAUSE NO. _____

| | | |
|---|---|---|
| RYAN AUSTIN MARPLE, AND § | | IN THE DISTRICT COURT |
| JANEY WHITE, INDIVIDUALLY § | | |
| AND AS PARENT AND NEXT FRIEND § | | |
| FOR A.W. AND D.W., MINOR CHILDREN § | | |
| § | | |
| v. § | | SMITH COUNTY, TEXAS |
| § | | |
| BD TRANSPORT LLC § | | |
| AND BRAD NICHOLAS DEAL § | | 241st JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, RYAN AUSTIN MARPLE, and JANEY WHITE, INDIVIDUALLY and as PARENT and NEXT FRIEND for A.W., and D.W., MINOR CHILDREN, hereinafter called Plaintiffs, complaining of BD TRANSPORT LLC and BRAD NICHOLAS DEAL, hereinafter called Defendants, and for cause of action would respectfully show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

I.

Discovery in this cause of action is intended to be conducted under Level 2 of Rule 190.3, Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

II.

Venue is proper in Smith County pursuant to Chapter 15, Texas Civil Practice and Remedies Code, in that this is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

Jurisdiction is proper in this Court in that this is a lawsuit seeking damages in excess of the minimum jurisdictional limits of the district courts of the State of Texas.

## PARTIES AND SERVICE

### III.

Plaintiff, RYAN AUSTIN MARPLE, resides in Ben Wheeler, Texas. The last three digits of Plaintiff's driver's license number are 912. The last three digits of Plaintiff's social security number are 257.

Plaintiff, JANEY WHITE, INDIVIDUALLY AND AS PARENT AND NEXT FRIEND FOR A.W. and D.W., MINOR CHILDREN, resides in Longview, Texas. The last three digits of Plaintiff's driver's license number are 935. The last three digits of Plaintiff's social security number are 777.

Defendant, BD TRANSPORT LLC., is a limited liability company organized under the laws of the State of Colorado, engages in business in the State of Texas, and may be served with process by serving its Member, Brad Deal, at 18544 E. Vassar Dr., Aurora, Colorado 80013. Defendant may also be served with process by serving its Member, Melissa Deal, at 18544 E. Vassar Dr., Aurora, Colorado 80013.

Defendant, BRAD NICHOLAS DEAL, resides at 18544 Vassar Dr., Aurora, Colorado 80013, and may be served with process at this address or wherever he may be found.

## FACTS AND CAUSES OF ACTION

### IV.

At approximately 11:23 a.m. on June 18, 2021, Plaintiff, JANEY WHITE, and the minor children, A.W. and D.W. ("the minor children"), were traveling in a 1999 Dodge Ram

3500 pickup westbound on Interstate Highway 20, in the inside lane, slowing or stopped for traffic ahead due to road construction, in Smith County, Texas. Plaintiff, RYAN AUSTIN MARPLE, was traveling in a 2019 Dodge Ram 1500 pickup, westbound on Interstate Highway, in the inside lane, slowing or stopped for traffic ahead due to road construction, and traveling behind Plaintiff, JANEY WHITE, and the minor children, in Smith County, Texas. Defendant, BRAD NICHOLAS DEAL, was operating a 2020 Dodge Ram 5500 pickup owned and/or leased by Defendants, BD TRANSPORT LLC and/or BRAD NICHOLAS DEAL, and towing a 2017 trailer owned and/or leased by Defendants, BD TRANSPORT LLC and/or BRAD NICHOLAS DEAL, while in the course and scope of his employment with Defendant, BD TRANSPORT LLC, traveling westbound on Interstate Highway 20, in the outside lane, traveling behind Plaintiffs and the minor children, in Smith County, Texas. Suddenly and without warning, Defendant, BRAD NICHOLAS DEAL, failed to control the speed of his vehicle, moved to the left and changed lanes when unsafe and struck Plaintiff JANEY WHITE's and the minor children's vehicle, subjecting Plaintiff, JANEY WHITE, and the minor children to tremendous force. Defendant, BRAD NICHOLAS DEAL, then suddenly and without warning, failed to control the speed of his vehicle and struck Plaintiff RYAN AUSTIN MARPLE's vehicle, subjecting Plaintiff, RYAN AUSTIN MARPLE, to tremendous force.

V.

Defendant, BRAD NICHOLAS DEAL, was negligent in various acts and omissions, which negligence was the proximate cause of the occurrence in question which includes, but is not limited to, the following:

1. Violating Section 545.062 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, which reads, in pertinent part, as follows:

   (a) An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.

2. Violating Section 545.060 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, which reads in pertinent part:

   (a) An operator on a roadway divided into two or more clearly marked lanes for traffic:
   (1) shall drive as nearly as practical entirely within a single lane; and
   (2) may not move from the lane unless that movement can be made safely.

3. Failing to keep a proper lookout;
4. Failing to timely apply brakes;
5. Failing to control the vehicle;
6. Failing to act and/or respond in a reasonable manner; and
7. Failing to control the speed of the vehicle.

Defendant BRAD NICHOLAS DEAL's conduct on the occasion in question violated 545.062 of Vernon's Texas Statutes and Codes Annotated, Texas Transportation Code, by Defendant, BRAD NICHOLAS DEAL, failing to keep an assured clear distance between his vehicle and the vehicles in which Plaintiffs and the minor children were traveling, considering the speed of the vehicles, traffic and the conditions of the highway, so that Defendant, BRAD NICHOLAS DEAL, would have been able safely stop without colliding Plaintiffs' and the minor children's vehicles. Defendant, BRAD NICHOLAS DEAL, failed to keep an assured clear distance between his vehicle and the vehicles in which Plaintiffs and the minor children were traveling, as would have been necessary to avoid colliding with Plaintiffs' and the minor children's vehicles while Plaintiffs and the minor children were traveling on Interstate

Highway 20, in compliance with law and the duty of each person to use due care.

Section 545.062 of the Texas Transportation Code is designed to protect persons traveling on roadways in the State of Texas. Plaintiffs and the minor children are within the class of persons the statute was designed to protect.

Defendant BRAD NICHOLAS DEAL's conduct on the occasion in question violated 545.060 of Vernon's Texas Statutes and Codes Annotated, Texas Transportation Code, by Defendant, BRAD NICHOLAS DEAL, failing to drive in a single lane and changing lanes when unsafe, into another lane of traffic.

Section 545.060 of the Texas Transportation Code is designed to protect persons, traveling on roadways, from motor vehicle operators who change lanes when unsafe and when movement from one lane to another cannot be made safely. Plaintiffs and the minor children are within the class of persons the statute was designed to protect.

Each of the foregoing acts of negligence was the proximate cause of the collision in question and the injuries and damages of Plaintiffs and the minor children.

VI.

At the time and on the occasion in question, and immediately prior thereto, Defendant, BD TRANSPORT LLC, committed acts of omission and commission, which collectively and severally constituted negligence and which were a proximate cause of the injuries to and the damages of Plaintiffs and the minor children.

Defendant BD TRANSPORT LLC's independent acts of negligence include, but are not limited to, the following:

1. Entrusting the subject vehicle to an unlicensed, incompetent and/or reckless driver when it knew and/or should have known the driver of the subject vehicle was unlicensed, incompetent, and/or reckless;

2. Hiring and continuing to retain an unsafe, unlicensed, incompetent and/or reckless driver when it knew and/or should have known that the subject driver was unsafe, unlicensed, incompetent and/or reckless;

3. Failing to properly train, supervise and/or monitor Defendant, BRAD NICHOLAS DEAL;

4. Failing to maintain the vehicle in a reasonably safe or prudent manner; and

5. Failing to comply with federal and state laws and regulations concerning drivers and the maintenance or repair of motor vehicles, including, but not limited to, 49 C.F.R. 300-399, Chapter 521.459 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, and Vernon's Texas Statutes and Codes Annotated, Transportation Code Titles 1, 2, and 7.

Each of the foregoing acts of negligence was the proximate cause of the collision in question and the injuries and damages of Plaintiffs and the minor children.

VII.

At the time and on the occasion in question, and immediately prior thereto, Defendant, BD TRANSPORT LLC, was guilty of negligent entrustment and knew or should have known that Defendant, BRAD NICHOLAS DEAL, was a negligent and reckless driver.

VIII.

Defendants or their agents undertook, either gratuitously or for their own benefit, obligations to hire, train, supervise, direct, instruct, and/or control the performance of workers and/or the operation of equipment or vehicles. Defendants knew or should have known that such hiring, training, supervision, direction, instruction, control, and/or operation was necessary for Plaintiffs' and the minor children's protection. Defendants failed to exercise reasonable care in performing those obligations. Plaintiffs, the minor children or a third party relied on Defendants' performance, and Defendants' performance increased Plaintiffs' and the minor children's risk of harm.

IX.

Defendant, BD TRANSPORT LLC, is liable for the damages proximately caused to Plaintiffs and the minor children by the conduct of Defendant, BRAD NICHOLAS DEAL, in that Defendant, BD TRANSPORT LLC, was the employer of Defendant, BRAD NICHOLAS DEAL, on the date that Defendant, BRAD NICHOLAS DEAL, negligently injured Plaintiffs and the minor children, as alleged above, and Defendant, BRAD NICHOLAS DEAL, was acting within the course and scope of that employment when that injury occurred or Defendant, BD TRANSPORT LLC, had the right to control the activities of Defendant, BRAD NICHOLAS DEAL.

X.

Defendants committed willful acts or omissions of gross negligence, having actual knowledge of an extreme risk of harm and consciously disregarding that risk, that were a proximate cause of the injuries to Plaintiffs and the minor children and the damages of Plaintiffs and the minor children, and for which Plaintiffs are entitled to recover punitive damages, pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code. Furthermore, Defendants authorized the doing and the manner of the acts or omissions, Defendants recklessly employed an unfit agent and/or employee, Defendants employed a vice-principal or one who was in a managerial capacity and was acting in the scope of employment when they committed the acts or omissions, and/or Defendants or a vice-principal or manager of Defendants ratified and/or approved the acts or omissions.

### DAMAGES FOR PLAINTIFFS AND THE MINOR CHILDREN

XI.

As a direct and proximate result of the occurrence made the basis of this lawsuit, and

Defendants' acts as described herein, Plaintiffs and the minor children were caused to suffer and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs and the minor children have incurred the following damages:

A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiffs and the minor children for the necessary care and treatment of the injuries resulting from the accident;

B. Reasonable and necessary medical care and expenses which, in reasonable probability, will be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering which, in reasonable probability, will be suffered in the future;

E. Mental anguish in the past;

F. Mental anguish which, in reasonable probability, will be suffered in the future;

G. Physical impairment in the past;

H. Physical impairment which, in reasonable probability, will be suffered in the future;

I. Disfigurement in the past;

J. Disfigurement which, in reasonable probability, will be suffered in the future;

K. Exemplary damages.

Additionally, Plaintiffs, RYAN AUSTIN MARPLE and JANEY WHITE, have incurred the following additional damages:

A. Loss of earnings in the past; and

B. Loss of earning capacity which, in reasonable probability, will be incurred in the future.

By reason of the above, Plaintiffs and the minor children have suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought. In accordance with Texas Rule of Civil Procedure 47, Plaintiffs seek monetary relief over $1,000,000.00.

## XII.

Plaintiff, JANEY WHITE, has also suffered damages to her 1999 Dodge Ram 3500 pickup as a result of this accident and Defendants' negligence and Plaintiff, JANEY WHITE, should be reimbursed for those damages as well as for the loss of use of her motor vehicle, along with any other property damage sustained in the accident.

## XIII.

Plaintiff, RYAN AUSTIN MARPLE, has also suffered damages to his 2019 Dodge Ram 1500 pickup as a result of this accident and Defendants' negligence and Plaintiff, RYAN AUSTIN MARPLE, should be reimbursed for those damages as well as for the loss of use of his motor vehicle, along with any other property damage sustained in the accident.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiffs against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate; punitive damages; costs of court; and such other and further relief to which Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

GOUDARZI & YOUNG, L.L.P.
3522 Fourth Street
Longview, Texas 75605
Telephone:  (903) 843-2544
Facsimile:   (903) 843-2026
E-Serve: goudarziyoung@goudarzi-young.com

By: _____
Brent Goudarzi
State Bar No. 00798218
Marty Young
State Bar No. 24010502

ATTORNEYS FOR PLAINTIFFS